# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 22, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| GERALD R. BEYER, as the | * | UNPUBLISHED |
| Preliminary Executor of the Estate | * | |
| of his wife, JOVONNA N. BEYER, | * | |
| | * | |
| Petitioner, | * | No. 21-1362V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | * | |

<u>John F. McHugh</u>, Law Office of John McHugh, New York, NY, for Petitioner.
<u>Sarah Black Rifkin</u>, U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On May 17, 2021, Gerald R. Beyer[2] ("Petitioner"), as the Preliminary Executor of the Estate of his wife, Jovonna N. Beyer ("Ms. Beyer"), filed a petition in the National Vaccine Injury Program[3] alleging that as a result of an influenza ("flu") vaccine administered to Ms.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The case caption was amended following the deteriorating health and death of Jovonna Beyer.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Beyer on October 9, 2020, she suffered post-vaccine Acute Demyelinating Encephalomyelitis, post-vaccine autoimmune rhombencephalitis, and death. Petition at 1-2 (ECF No. 1); First Amended Petition (ECF No. 46); Second Amended Petition at 1-3 (ECF No. 70).

On January 29, 2025, Petitioner filed a motion for interim attorney's fees and costs, requesting compensation for the attorney and paralegal who worked on Petitioner's case and reimbursement of Petitioner's expenses. Petitioner's Application for Award of Interim Fees ("Pet. App."), filed Jan. 29, 2025 (ECF No. 134). Petitioner's request can be summarized as follows:

**Attorney's Fees** – $105,370.25
**Petitioner's Costs** – $12,210.00

Petitioner thus requests a total of $117,580.25.[4] On January 30, 2025, Respondent filed a response stating Respondent "defers to the Court to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award" and "defers to the Court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. App. ("Resp. Response"), filed Jan. 30, 2025, at 2 (ECF No. 135). Respondent also noted the Court should make a case-by-case determination as to the reasonableness of the expert's rate increase. Id. at 3-5. Petitioner did not file a reply.

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards **$87,766.66** in attorneys' fees.

I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears to have been brought in good faith and on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant fees and costs to be paid.

---

[4] Petitioner's calculations for fees were not properly calculated. See Pet. App. at 15-16. Additionally, Petitioner's counsel indicated the fees and costs application does not include Petitioner's personal costs as well as those for Dr. Kinsbourne's expert services. Id. at 3.

### A. Attorneys' Fees

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing the Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

#### 1. Hourly Rates

Petitioner requests the following hourly rates for the work of Mr. John McHugh: $490.00 per hour for work performed in 2021, $505.00 per hour for work performed in 2022, $520.00 per hour for work performed in 2023, and $535.00 for work performed in 2024. Petitioner also requests $175.00 per hour for work performed by a paralegal.

The undersigned finds Mr. McHugh's requested rates for each year to be excessive and inconsistent with the rates he has been previously awarded. First, the undersigned notes that she has previously awarded Mr. McHugh a reduced rate of $470.00 per hour for 2021, $480.00 per hour for 2022, $490.00 per hour for 2023, and $500.00 per hour for 2024. See, e.g., Herms v. Sec'y of Health & Hum. Servs., No. 19-70V, 2025 WL 1066245, at *4 (Fed. Cl. Spec. Mstr. Mar. 12, 2025); O'Neal v. Sec'y of Health & Hum. Servs., No. 16-122V, 2021 WL 320616, at *3 (Fed. Cl. Spec. Mstr. Jan. 5, 2021) ("O'Neal I"); O'Neal v. Sec'y of Health & Hum. Servs., No. 16-122V, 2023 WL 4183465, at *2 (Fed. Cl. Spec. Mstr. May 23, 2023) ("O'Neal II"). Other special masters have also awarded Mr. McHugh these reduced rates. See, e.g., Larson v. Sec'y of Health & Hum. Servs., No. 16-633V, 2024 WL 3913516, at *4 (Fed. Cl. Spec. Mstr. July 18, 2024) (reducing Mr. McHugh's hourly rate for 2021, 2022, and 2023).

Consistent with what Mr. McHugh has previously been awarded in the Vaccine Program, the undersigned finds the following rates appropriate, resulting in the following reductions:[5]

| Year | Rate Awarded | Reduction in Rate | Hours | Amount Reduced |
|---|---|---|---|---|
| 2021 | $470.00 | $20.00 | 51.05 | **$1,021.00** |
| 2022 | $480.00 | $25.00 | 32.78 | **$819.50** |
| | $240.00 (Travel) | $265.00 | 4.87[6] | **$1,290.55** |
| 2023 | $490.00 | $30.00 | 65.70 | **$1,971.00** |
| | $245.00 (Travel) | $275.00 | 2.0 | **$550.00** |
| | | $5.00 | 3.50[7] | **$17.50** |
| 2024 | $500.00 | $35.00 | 42.30 | **$1,480.50** |
| | $250.00 (Travel) | $285.00 | 3.50 | **$997.50** |
| | | **Total Reduction** | | **$8,147.55** |

Petitioner also requested an hourly rate of $175.00 per hour for work done by a paralegal. The undersigned and other special masters have previously awarded $125.00 per hour to Mr. McHugh's paralegal. See, e.g., Herms, 2025 WL 1066245, at *4; O'Neal I, 2021 WL 320616, at *3, Deisher v. Sec'y of Health & Hum. Servs., No. 17-294, 2019 WL 5598368, at *3 (Fed. Cl. Spec. Mstr. Oct. 2, 2019); Miles v. Sec'y of Health & Hum. Servs., No. 12-254V, 2018 WL 4704473, at *2-3 (Fed. Cl. Spec. Mstr. Sept. 7, 2018). Because there is no explanation as to why a paralegal rate increase should be awarded, the undersigned awards $125.00 per hour for work done by a paralegal based on the prior awards. However, for the reasons discussed below, the undersigned deducts all paralegal time (8.60 hours, or $1,505.00).

### 2. Reduction of Billable Hours

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at

---

[5] The undersigned manually calculated the hours for each year, resulting in different calculations than Petitioner. Additionally, hours spent traveling/driving were placed into separate categories for each year in order to calculate the appropriate travel rate as time spent traveling when no other work is being performed is compensated at one-half the applicable hourly rate. See, e.g., Hocraffer v. Sec'y of Health & Hum. Servs., No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. July 27, 2009); English v. Sec'y of Health & Hum. Servs., No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).

[6] Petitioner engaged in block billing that included Travel on May 12, 2022. Pet. App. at 7. Given Petitioner's billing practices, the undersigned is unable to discern how much time was spent travelling, and therefore, this time (5.25 hours) was cut in half, with 2.62 hours attributed to travel.

[7] Petitioner billed 3.5 hours at a rate of $250.00 and the remaining driving hours were billed at the full requested rate.

*5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds that a reduction is appropriate.

First, there are several billing entries for noncompensable administrative tasks, including filing documents, mailing documents, paying bills, and preparing documents.[8] Additionally, some of these billing entries contained block billing, making it impossible to discern how much time was spent on noncompensable tasks.

It is well known in the Vaccine Program that billing for some administrative tasks (e.g., filing and mailing documents), even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). Additionally, "[i]t is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable." Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989)).

Next, there are various entries that are vague and/or excessive. For example, on January 12, 2022, Mr. McHugh billed 2.5 hours for "Send copy of the petition, affs[,] and records to Kinsbourne." Pet. App. at 6. There is no explanation for why it took Mr. McHugh 2.5 hours to

---

[8] For example, see entries dated May 17, 2021 ("File petition"); July 21, 2021 ("File Motion to serve subpoenas"); August 6, 2021 ("Serve subpoenas by mail 11 stamps"); August 25, 2021 ("forward HIPAA release via son-in law"); October 20, 2021 ("assign Exhibit Numbers"); November 19, 2021 ("File Exhibits 6-16"); January 12, 2022 ("Send copy of the petition, affs[,] and records to Kinsbourne"); June 9, 2022 ("Serve Vassar Bros by Mail"); September 26, 2022 ("transfer [records] to thumb drive"); September 30, 2022 ("File Mid-Hudson records on a thumb drive. Fed Ex."); October 5, 2022 ("Send records to Dr. Kinsbourne"); December 5, 2022 (filing "records Ex, 17-1 to Ex 17-10" and "Ex 19 1&2"); February 4, 2023 (two entries for "Convert [] records to searchable"); March 9, 2023 ("File Exhibit List"); March 13, 2023 ("filed Expert Report of Dr, Kinsbourne with Ex 25-16 thru 25-34"); June 7, 2023 ("File Ex. 25-1 to 25-23 and Exhibit 18 Cormier"); August 21, 2023 ("Fiel Death Certificate"); October 4, 2023 ("prepare 10 subpoenas"); October 5, 2023 ("Send subpoenas"); October 10, 2023 ("Pay $505 to Nuvance Health for records"); October 11, 2023 ("Pay Fischer Harbage and Associates, PLLC"); November 2, 2023 ("file Mt Sinai records"); November 16, 2023 ("file Exhibit 32"); October 17, 2024 ("Find a place to copy the scans"); October 18, 2024 ("File Expert Report of Dr. Turner and thumb drive" and "File 2 sets of photographs of Ms. Beyer"); October 30, 2024 ("File Exhibits 40-1- 40-19").

provide Dr. Kinsbourne with records. Mr. McHugh also billed 1.0 hour for "Send records to Dr. Kinsbourne" on October 5, 2022. Id. at 8. Again, there is no explanation to support this time. Additionally, these tasks are non-compensable tasks. On October 17, 2022, Mr. McHugh billed 1.00 hour for "Status report & letter to Vassar Bros and Westchester" and the following month, on November 17, 2022, he billed 1.40 hours for "Status report re Vassar Bros." Id. These filings were one page or two pages. There is no explanation for why it took Mr. McHugh a total of 2.4 hours for these two status reports. And on November 17, 2022, Mr. McHugh billed 2.40 hours for "Draft motion to compel and an Order to Show Cause." Id. These documents were not filed with the court.

Petitioner's counsel has been previously warned against billing for noncompensable and administrative tasks, block billing, and vague and/or excessive billing. See, e.g., Herms, 2025 WL 1066245, at *5-6 (reducing Mr. McHugh's fees by 20% for continued issues with proper billing practices); O'Neal I, 2021 WL 320616, at *4 (reducing Mr. McHugh's fees because he billed for noncompensable tasks, paralegal work was billed at an attorneys' rate, and he utilized block billing); J.M. v. Sec'y of Health & Hum. Servs., No. 02-10V, 2018 WL 1514433, at *7 (Fed. Cl. Spec. Mstr. Feb. 13, 2018) (reducing Mr. McHugh's fees because his billing was vague, excessive, and he utilized block billing); Mostovoy, 2016 WL 720969, at *5 (reducing Mr. McHugh's fees for spending significant time doing paralegal work).

Lastly, the undersigned finds the paralegal work lacks sufficient detail. Petitioner billed paralegal work for 8.6 hours, or a total of $1,505.00. However, no descriptions were provided to explain what tasks were completed in this time. "It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable." Mostovoy, 2016 WL 720969, at *6 (citing Bell, 18 Cl. Ct. at 760); see also Broekelschen, 102 Fed. Cl. at 729. As such, the undersigned finds a reduction of $1,505.00 reasonable and appropriate as no descriptions were provided.

Given Petitioner's counsel's continued issues with proper billing practices, the undersigned finds a percentage reduction of 20% appropriate. This results in a further reduction of $19,143.54.[9]

B.   **Petitioner's Costs**

Petitioner requests $12,210.00 for costs related to the expert report from Dr. Robert Turner. Dr. Turner billed 20.35 hours at a rate of $600.00 per hour. Dr. Turner has previously been award rates of $400.00 per hour and $550.00 per hour. Sara ex rel. K.A.S. v. Sec'y of Health & Hum. Servs., No. 20-1143V, 2023 WL 3966449, at *6 (Fed. Cl. Spec. Mstr. June 12, 2023) (awarding Dr. Turner's requested rate of $400.00); Reinhardt v. Sec'y of Health & Hum. Servs., No. 17-1257V, 2021 WL 2373818, at *6-7 (Fed. Cl. Spec. Mstr. Apr. 22, 2021) (awarding Dr. Turner an hourly rate of $550.00). Counsel does not provide any explanation or

---

[9] ($105,370.25 - $8,147.55 - $1,505.00) x 0.2 = $19,143.54.

6

evidence to support a rate increase. As such, the undersigned will award Dr. Turner a rate of $550.00 per hour, resulting in a reduction of $1,017.50.[10]

## II.  CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his attorney as follows:

| | |
|---|---:|
| Requested Attorneys' Fees: | $105,370.25 |
| Reduction of Attorneys' Fees: | - $28,796.09 |
| Awarded Attorneys' Fees: | $76,574.16 |
| | |
| Requested Attorneys' Costs: | $12,210.00 |
| Reduction of Attorneys' Costs: | - $1,017.50 |
| Awarded Attorneys' Costs: | $11,192.50 |
| | |
| **Total Interim Attorneys' Fees and Costs:** | **$87,766.66** |

**Petitioner is awarded attorneys' fees and costs in the total amount of $87,766.66 to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[11]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[10] ($600.00 - $550.00) x 20.35 = $1,017.50.

[11] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.